Filed 2/28/25  Automotive Oil Change Assn. v. Dept. of Toxic Substances Control CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| AUTOMOTIVE OIL CHANGE ASSOCIATION et al., | C100216 |
| Plaintiffs and Appellants, | |
| v. | (Super. Ct. No. 23WM000071) |
| DEPARTMENT OF TOXIC SUBSTANCES CONTROL, | |
| Defendant and Respondent. | |

Automotive Oil Change Association (Association), Nor Cal Oil Inc. doing business as Premier Oil Change (Nor Cal), and Henley Pacific LLC doing business as Valvoline Instant Oil Change (Henley) (collectively plaintiffs) initiated a legal action against the Department of Toxic Substances Control (DTSC).  Plaintiffs asserted that under Health and Safety Code section 25174.8, subdivision (a)(4),[1] used oil generated by certified used oil collection centers should be exempt from generation and handling fees,

---

[1]  Undesignated statutory references are to the Health and Safety Code.

1

but DTSC incorrectly applies the exemption only to used oil collected from the public. The trial court sustained DTSC's demurrer without leave to amend, finding that plaintiffs did not allege full exhaustion of administrative remedies or full payment of the amounts due as conditions to filing suit, and they could not show that exhaustion of administrative remedies would be futile.

Plaintiffs now contend (1) the trial court should not have sustained the demurrer based on a failure to exhaust administrative remedies, and (2) DTSC's interpretation of section 25174.8, subdivision (a)(4) is incorrect and amounts to an underground regulation.

Regarding the first contention, we conclude the governing regulations characterize the applicable generation and handling fee as a tax, and state law provides an administrative remedy for a challenge to such a tax and requires prepayment of the tax as a condition to obtaining judicial relief. Henley paid the disputed fee and, although it had not obtained a right-to-sue letter at the time of the trial court's ruling, it has since done so, thereby exhausting its administrative remedy. Accordingly, although the trial court did not err at the time of its ruling, Henley should now be granted leave to amend the complaint. As for the Association, to the extent it represents one or more members who have now satisfied the exhaustion and pay-first requirements, it should also be granted leave to amend. Nor Cal, however, has not alleged that it made the required prepayment of the challenged fee or that it exhausted its administrative remedy, and it has not shown how it could amend the pleading to allege those prerequisites.

As for plaintiffs' remaining appellate contentions, because the trial court's order was limited to exhaustion of administrative remedies and prepayment of fees as a condition to filing suit, we decline to address the additional contentions.

We will reverse the judgment as to Henley and the Association and otherwise affirm the judgment. We deny the request for judicial notice of exhibits A and B to plaintiffs' amended motion for judicial notice filed on August 13, 2024, and exhibit G to

2

their second motion for judicial notice.  We also deny DTSC's motion for judicial notice filed on December 31, 2024.  But we grant the request for judicial notice of exhibits C and E to plaintiffs' amended motion for judicial notice filed on August 13, 2024.  (Evid. Code, § 452, subd. (c).)

BACKGROUND

We draw the following facts from the allegations of the challenged pleading. The Association is a nonprofit trade organization whose members, including Nor Cal and Henley, operate automotive maintenance facilities.  DTSC assesses generation and handling fees payable by businesses that collect, generate, and store hazardous waste, including used motor oil.  The California Department of Tax and Fee Administration (CDTFA) collects generation and handling fees for DTSC.

Under section 25174.8, subdivision (a)(4), a generator of hazardous waste need not pay generation and handling fees for "[h]azardous waste that is used oil collected from the public and generated by a used oil collection center certified by the Department of Resources Recycling and Recovery pursuant to Section 48660 of the Public Resources Code [(hereafter certified used oil collection centers)]."  DTSC interprets the statute to exempt from payment of the fees used oil collected from the public but not used oil generated by businesses.  Beginning in 2022, DTSC has been assessing generation and handling fees against certified used oil collection centers, including Nor Cal, Henley, and other Association members, for used oil they generate from oil changes.  CDTFA issued a notice of levy for $79,943 against Henley for generation and handling fees from used oil it generated, plus penalties and interest.  Henley paid the amount and filed an administrative claim for refund with CDTFA.  Nor Cal owes more than $27,919 for generation and handling fees, penalties, and interest for used oil it generated.

Plaintiffs initiated the instant legal action, filing a petition for writ of mandate, complaint for declaratory and injunctive relief, and claim for attorney's fees by private attorney general (complaint).  As relevant here, the complaint sought to require DTSC

3

to allow hazardous waste generators to claim an exemption for used oil generated by them. It also sought an order enjoining DTSC from charging generation and handling fees on used oil generated by certified used oil collection centers. And it sought a declaration that section 25174.8, subdivision (a)(4) exempts used oil generated by certified used oil collection centers and that DTSC's interpretation is unenforceable because it was adopted without complying with the Administrative Procedure Act (Gov. Code, § 11340 et seq.).

DTSC demurred to the complaint, asserting plaintiffs had not exhausted their administrative remedies and that a taxpayer must pay the disputed tax before seeking judicial relief.

The trial court sustained the demurrer without leave to amend. It concluded plaintiffs could not proceed without allegations that all available administrative remedies had been exhausted, and that all fees had been paid. The trial court also ruled that plaintiffs had not established that filing an administrative claim would be futile. Judgment was entered in favor of DTSC and the action was dismissed.

Almost a year after plaintiffs filed their complaint, CDTFA sent Henley a right-to-sue letter, denying Henley's administrative claim for refund and informing Henley it had to file an action in Sacramento County to bring any further claim regarding the disallowed amount.

STANDARD OF REVIEW

On review of a judgment of dismissal following demurrer, we view the challenged pleading as a whole, construing it liberally. We assume the truth of properly pleaded facts, and we also consider matter which may be judicially noticed to determine de novo whether the factual allegations of the pleading are adequate to state a cause of action under any legal theory. Even if the allegations are adequate, we consider whether the pleading nevertheless discloses some bar to recovery. (*California Dept. of Tax & Fee Administration v. Superior Court* (2020) 48 Cal.App.5th 922, 929 (*California Dept. of*

4

*Tax*); *In re Electric Refund Cases* (2010) 184 Cal.App.4th 1490, 1500; *Milligan v. Golden Gate Bridge Highway & Transportation Dist.* (2004) 120 Cal.App.4th 1, 5-6.)  We do not treat as true the complaint's contentions, deductions, or conclusions of law.  (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966-967; *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 (*Blank*).)  As the appellants, plaintiffs bear the burden of demonstrating that the demurrer was sustained erroneously.  (*Friends of Shingle Springs Interchange, Inc. v. County of El Dorado* (2011) 200 Cal.App.4th 1470, 1485.)

When the trial court sustains a demurrer without leave to amend, we consider whether the challenged pleading might state a cause of action if the appellant were permitted to amend.  (*Blank, supra*, 39 Cal.3d at p. 318.)  The appellant bears the burden of showing a reasonable possibility that a defect can be cured by amendment.  (*Ibid.*)

DISCUSSION

A

Article XIII, section 32 of the California Constitution provides:  "No legal or equitable process shall issue in any proceeding in any court against this State or any officer thereof to prevent or enjoin the collection of any tax.  After payment of a tax claimed to be illegal, an action may be maintained to recover the tax paid, with interest, in such manner as may be provided by the Legislature."  This constitutional provision establishes two prerequisites to a lawsuit challenging the imposition of a tax in court: (1) the plaintiff must exhaust available administrative remedies, and (2) a taxpayer must pay the disputed tax before maintaining a lawsuit.  (*Stettner v. Mercedes-Benz Financial Services USA, LLC* (2023) 98 Cal.App.5th 45, 53 (*Stettner*).)

Generally, a party must exhaust available administrative remedies before seeking relief in court.  (*Loeffler v. Target Corp.* (2014) 58 Cal.4th 1081, 1102, 1103, 1108 (*Loeffler*); *Stettner, supra*, 98 Cal.App.5th at pp. 53-54; *Morgan v. Ygrene Energy Fund, Inc.* (2022) 84 Cal.App.5th 1002, 1012 (*Morgan*), rev. granted Feb. 22, 2023, S277628.) In the context of a claim for a tax refund, no proceeding shall be maintained in any court

5

for the recovery of an amount alleged to have been erroneously assessed unless an administrative claim for refund has been filed.  (Rev. & Tax. Code, § 43472; see *Loeffler*, at pp. 1102, 1108.)  The California Supreme Court has called exhaustion of administrative remedies " ' "a jurisdictional prerequisite to resort to the courts.' ' " (*Campbell v. Regents of University of California* (2005) 35 Cal.4th 311, 321; see *Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 293.)  The rule requiring exhaustion allows an administrative agency to decide matters within its expertise and to develop a complete record for the court's consideration, promoting judicial efficiency. (*Morgan*, at p. 1012; accord *KCSFV I, LLC v. Florin County Water Dist.* (2021) 64 Cal.App.5th 1015, 1035 (*KCSFV I, LLC*).)

A plaintiff may not circumvent the administrative procedure by filing an action for declaratory relief.  (*Loeffler, supra*, 58 Cal.4th at p. 1128; *Stettner, supra*, 98 Cal.App.5th at p. 54.)  The exhaustion requirement " 'does not turn on whether the action at issue specifically seeks to prevent or enjoin the collection of a tax . . . .  [Citation.]  The relevant issue is whether granting the relief sought would have the effect of impeding the collection of a tax.' " (*Mojave Pistachios, LLC v. Superior Court* (2024) 99 Cal.App.5th 605, 627; accord, *Morgan, supra*, 84 Cal.App.5th at p. 1015, rev. granted.)  The plaintiff bears the burden of showing it has exhausted its administrative remedies.  (*Casa Blanca Beach Estates Owners' Assn. v. County of Santa Barbara* (2024) 102 Cal.App.5th 1303, 1309.)

B

Effective January 1, 2022, certain generators of hazardous waste -- i.e., persons or entities whose act or process produces waste that meets any of the criteria for the identification of a hazardous waste adopted by DTSC pursuant to section 25141 -- must pay generation and handling fees, unless an exemption applies.  (§§ 25111, 25117, 25118, 25205.1, subds. (e), (h), (m), 25205.5; Cal. Code Regs, tit. 18, § 3000, subd. (b)(1); Cal. Code Regs., tit. 22, § 66279.20, subd. (a); Legis. Counsel's Digest, Sen. Bill No. 158

6

(2021-2022 Reg. Sess.) ¶ (4); Stats. 2021, ch. 73, § 55.)  Pertinent here is the exemption in section 25174.8, subdivision (a)(4), which provides that the fees do not apply to used oil (including oil removed from an automobile) collected from the public and generated by a certified used oil collection center.[2]  (See § 25250.1, subd. (a).)  Section 25174.8 applies to hazardous waste generated on or before December 31, 2022.[3]  (§ 25174.8, subd. (c).)

Generation and handling fees are paid to CDTFA in accordance with the Hazardous Substances Tax Law (Rev. & Tax. Code, § 43001 et seq.).  (§ 25205.5, subd. (b); Rev. & Tax. Code, § 43053.)  Under that statute, "tax" refers to any tax, fee, surcharge, or assessment administered by CDTFA, and "taxpayer" is a person or entity that pays or is assessed a tax administered by CDTFA.  (Cal. Code Regs., tit. 18, § 35002, subds. (k), (n), (o); Rev. & Tax. Code, §§ 19, 43012; see § 25174, subd. (a)(1).)

Section 35001 et seq. of title 18 of the California Code of Regulations governs administrative claims for refund and requests for relief from taxes under the Hazardous Substances Tax Law.  (Cal. Code Regs., tit. 18, §§ 35001, subd. (m), 35002, subd. (a).)

---

[2]  A "used oil collection center" includes a business that accepts used lubricating oil from the public and is exempt from hazardous waste facility permit requirements pursuant to section 25250.11, subdivision (a).  (Pub. Resources Code, § 48622; Cal. Code Regs., tit. 22, § 66279.1, subd. (e).)

[3]  For hazardous waste generated after December 31, 2022, the Legislature deleted the section 25174.8, subdivision (a)(4) exemption.  Instead, section 25174.8.1, subdivision (a)(4) provides that the generation and handling fee does not apply to "household do-it-yourselfer used oil" that "is accepted from the public . . . by a [certified] used oil collection center . . . ."  (§ 25174.8.1, subd. (a)(4).)  " 'Household do-it-yourselfer used oil' means oil that is derived from households, such as used oil generated by individuals who generate used oil through the maintenance of their personal vehicles. Household do-it-yourselfer used oil does not include used oil generated by service stations, lube oil shops, or similar businesses."  (Cal. Code Regs., tit. 22, § 66279.1, subd. (b).)  The present action involves section 25174.8, subdivision (a)(4) and not section 25174.8.1.

A taxpayer who believes it has overpaid tax or paid to CDTFA any other refundable amount may file a claim pursuant to section 35033 et seq. of title 18 of the California Code of Regulations. (Cal. Code Regs., tit. 18, § 35033, subd. (a); see Rev. & Tax. Code, § 43452.) A claim must be in writing signed by the claimant or the claimant's authorized representative. (Cal. Code Regs., tit. 18, § 35036, subd. (a).) Section 35036 of title 18 of the California Code of Regulations describes the required contents of a claim. Failure to file a claim within the applicable time period provided in section 35034 of title 18 of the California Code of Regulations waives any demand against the state on account of the overpayment. (Cal. Code Regs., tit. 18, § 35035; Rev. & Tax. Code, § 43453.)

CDTFA must review a claim and all other relevant information available to it in reaching its findings. (Cal. Code Regs., tit. 18, §§ 35002, subd. (c), 35042, subd. (a).) Section 35042 of title 18 of the California Code of Regulations describes the actions CDTFA may take on a claim. If it is determined that a claim should be denied, CDTFA will mail the taxpayer a letter explaining its findings and advise that the claim will be resolved in accordance with those findings unless, within 30 days of the date of the letter, the taxpayer submits a written request for an appeals conference. (*Id.*, §§ 35002, subd. (c), 35042, subd. (c).) A request for an appeals conference is liberally granted, except where the taxpayer was already provided an appeals conference on the same issue and did not submit additional arguments or evidence. (*Id.*, § 35043.) If the taxpayer timely submits a written request for an appeals conference and the request is not denied, CDTFA will prepare and send to the taxpayer and the Appeals Bureau of CDTFA a summary analysis setting forth the taxpayer's contentions and the reasons the claim for refund should be denied. (*Id.*, §§ 35002, subds. (b), (c), 35042, subd. (c).)

A party may submit, in writing, its arguments and evidence to the Appeals Bureau before the scheduled appeals conference, record the proceedings, and participate during the appeals conference. (Cal. Code Regs., tit. 18, §§ 35061, subds. (c), (d), 35064, subds. (b), (c).) The Appeals Bureau must consider the contentions presented by the

8

parties, gather the applicable facts, conduct any investigation it deems warranted, and analyze and apply the law to the facts as determined by the conference holder to make an objective determination of the correct resolution of the appeal. (*Id.,* § 35064, subd. (a).) The Appeals Bureau issues a written decision within the time specified in the regulations. (*Id.,* § 35065, subd. (b).) Its decision must include, among other things, its analysis, findings, and conclusions. (*Id.,* § 35065, subd. (d).) The decision is mailed to the parties and, except where the decision remands the appeal for a reaudit, must explain the available options for appealing the decision. (*Id.,* § 35065, subd. (e).)

Any party who disagrees with the Appeals Bureau decision may submit a written request for reconsideration. (Cal. Code Regs., tit. 18, §§ 35065, subd. (e), 35066.) If a party timely submits such a request, the other party may submit a response, and the Appeals Bureau may allow or request additional written argument or documentation from any party. (*Id.,* § 35066, subd. (b)(1).) The Appeals Bureau must prepare a supplemental decision responding to the request for reconsideration and set forth its findings and conclusions. (*Id.,* § 35066, subd. (b).)

Instead of filing a request for reconsideration with the Appeals Bureau of CDTFA, a party may seek review of the Appeals Bureau's decision by submitting an appeal to the Office of Tax Appeals. (Cal. Code Regs., tit. 18, §§ 35065, subd. (e), 30103, subd. (b).) Section 30000 of title 18 of the California Code of Regulations et seq. sets forth the administrative review process for appeals submitted to the Office of Tax Appeals. A party may bring an action in superior court for a trial de novo following the decision of the Office of Tax Appeals. (Gov. Code, § 15677.)

The foregoing laws and regulations establish the procedure for submitting, evaluating, and resolving complaints about the imposition of generation and handling fees, and the procedure constitutes an administrative remedy available for any such claim.

9

## C

In addition to the requirement for exhaustion of available administrative remedies, a taxpayer may not obtain an adjudication as to the validity of a tax without paying the tax first. (Cal. Const., art. XIII, § 32; Cal. Code Regs., tit. 18, § 35036, subd. (d) ["In no event may the claimant deduct amounts included in a claim for refund from the amount required to be reported and paid for any reporting period."]; *Loeffler, supra*, 58 Cal.4th at p. 1107; *State Bd. of Equalization v. Superior Court* (1985) 39 Cal.3d 633, 638; see Rev. & Tax. Code, § 43471 ["No injunction or writ of mandate or other legal or equitable process shall issue in any suit, action, or proceeding in any court against this state or against any office of the state to prevent or enjoin the collection of any tax sought to be collected."].) The "pay first, litigate later" rule "ensure[s] that the state may continue to collect tax revenue during litigation in order to avoid unnecessary disruption of public services that are dependent on that revenue" and bars prepayment actions seeking injunctive or declaratory relief or mandamus. (*Stettner, supra*, 98 Cal.App.5th at p. 53; *Loeffler*, at p. 1101; see *State Bd. of Equalization*, at p. 639.) A taxpayer may not avoid the pay-first rule by alleging, in a claim for declaratory relief under Government Code section 11350, that the regulation upon which a tax was assessed against the taxpayer is invalid. (*California Dept. of Tax, supra*, 48 Cal.App.5th at p. 926.) As with the exhaustion of administrative remedies analysis, we look at the net effect of an action in determining whether the pay-first rule applies. (*Id.* at p. 931.)

## D

Plaintiffs assert that in the instant action they do not seek a refund, do not seek to prevent the collection of any tax, and do not seek to establish a claim of exemption for themselves. But among other things, the complaint seeks to require DTSC to allow hazardous waste generators to claim an exemption for used oil generated by them, seeks an order enjoining DTSC from charging generation and handling fees on used oil generated by certified used oil collection centers, seeks a declaration that section

25174.8, subdivision (a)(4) exempts used oil generated by certified used oil collection centers, and seeks a declaration that DTSC's interpretation is unenforceable because it was adopted without complying with the Administrative Procedure Act (Gov. Code, § 11340 et seq.). A grant of the requested relief would restrain the collection of taxes. As we have explained, state law provides an administrative procedure to resolve whether Nor Cal, Henley, and other Association members are exempt from paying generation and handling fees for used oil generated by them.

Regarding Nor Cal, the complaint and matters of which we have taken judicial notice do not show that it paid the disputed fee or filed an administrative claim challenging the imposition of the fee. There is no allegation or showing that Nor Cal satisfied the prerequisites for judicial relief.

As for Henley, the appellate record, along with matters of which we have taken judicial notice, show that it paid the disputed fee and, although it had not obtained a right-to-sue letter at the time of the trial court's ruling, it has since done so, thereby exhausting its administrative remedy. Accordingly, although the trial court did not err at the time of its ruling, Henley should now be granted leave to amend the complaint to allege that it satisfied the exhaustion and pay-first requirements.

With regard to the Association, DTSC has not questioned whether the Association has standing to pursue a challenge to the fees in a representative capacity, and the trial court did not sustain the demurrer on any such basis.[4] In any event, even if the Association has the ability to maintain a challenge to the fees in a representative capacity, it can do so only on behalf of members who have met the prerequisites for judicial relief.

---

[4] Although an argument could be made in support of such representative standing -- see 4 Witkin, Cal. Proc. (6th ed. 2024) Plead, § 128; accord Michael Asimow, et al., California Practice Guide–Administrative Law (The Rutter Group November 2023 Update) ¶ 14:85 -- we have found no authority on point. But we do not decide the issue because the parties have not placed it in dispute.

11

Although the Association correctly notes it does not pay the fees itself and it does not have an administrative remedy, the Association does not explain why it should be allowed to obtain judicial relief in a way that would allow its members to bypass the clear prerequisites to judicial relief required of them. In other words, the Association cites no authority for the proposition that it may obtain judicial relief in a *representative* tax challenge on behalf of members who have not satisfied the prerequisites for such relief. (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 656 [it is appellant's responsibility to support claims of error with authority].) The complaint and matters of which we have taken judicial notice do not show that any Association member other than Henley paid the disputed fee or filed an administrative claim challenging the imposition of the fee. To the extent the Association can allege that it represents one or more members who have satisfied the prerequisites for judicial relief, the Association should be permitted to amend the complaint.

Plaintiffs nevertheless urge that exhaustion is not required under the futility exception, because DTSC, not CDTFA, decides whether an exemption applies and DTSC has already decided it does not. "The futility exception is very narrow and does not apply unless the person invoking it can positively state that the agency declared what its decision will be in a particular proceeding." (*KCSFV I, LLC, supra*, 64 Cal.App.5th at p. 1036.) No such showing has been made. A claim for refund is submitted to and decided by CDTFA, not DTSC, except for a claim based solely on the ground that a substance does not constitute hazardous waste, a circumstance not present here. (Cal. Code Regs., tit. 18, §§ 35002, subd. (c), 35015, subd. (b)(1), 35039, subd. (a), 35042.) Although CDTFA asked DTSC for a recommendation regarding Henley's refund claim, it was CDTFA that decided the claim. Moreover, CDTFA's decision may be appealed to the Office of Tax Appeals, an independent body. (*Id.,* §§ 35065, subd. (e), 30103, subd. (b); 9 Witkin, Summary of California Law (11th ed. May 2024 update) Taxation, § 260.)

The cases upon which plaintiffs rely -- *Agnew v. State Bd. of Equalization* (1999) 21 Cal.4th 310 and *Regents of University of California v. State Bd. of Equalization* (1977) 73 Cal.App.3d 660 -- do not assist them. The plaintiff in *Agnew* had filed administrative refund requests and paid the challenged taxes before filing a declaratory relief action, and he conceded that a taxpayer must pay the tax and file an administrative claim before initiating litigation to recover an allegedly invalid tax. (*Agnew,* at pp. 314, 317, 320.) The plaintiff in *Regents* was not trying to obtain a refund of taxes or establish a claim of exemption from the tax for itself. (*Regents*, at p. 665.)

Because DTSC's demurrer was limited to exhaustion of administrative remedies and prepayment of taxes, and the trial court sustained the demurrer only on those grounds, we confine our decision to those issues and do not address plaintiffs' additional contentions. (*Morgan, supra*, 84 Cal.App.5th at p. 1018, rev. granted.)

## DISPOSITION

The judgment of dismissal as to Henley and the Association is reversed. The judgment is otherwise affirmed. The matter is remanded to the trial court for further proceedings consistent with this opinion. Each party shall bear its own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)


                                                     /S/
                                          MAURO, J.


We concur:


      /S/
HULL, Acting P. J.


      /S/
BOULWARE EURIE, J.